

# The Attorney General of Texas

June 19, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

4001 Texas, Suite 700
uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Allen Ross Hightower
Chairman
Law Enforcement Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    73769

Opinion No.   JM-504

Re:  Whether section 16.02(e) of
the Education Code, which autho-
rizes a school district to re-
ceive state funds in accordance
with maximum price differential
index, is applicable beyond the
1984-85 academic year

Dear Representative Hightower:

You ask the opinion of this office as to whether section 16.102(e) of the Education Code is applicable after the 1984-85 school year. Section 16.102(e) authorizes a school district that meets specified criteria to receive state funds in accordance with a maximum price differential index [PDI]. We conclude that the provisions of section 16.102(e) are intended to apply only to the 1984-85 school year.

Section 16.102(e) was enacted into the Education Code in 1984 by House Bill No. 72, Sixty-eighth Legislature, 2nd Called Session, as part of the chapter providing for the Foundation School Program. Section 16.102 established a price differential adjustment of the basic allotment for each school district. Subsection (a) of section 16.102 provides that

> (a)  The basic allotment for each district is adjusted by multiplying the amount of the basic allotment by an index factor that reflects the geographic variation in resource costs due to factors beyond the control of the school district.

Subsection (b) supplied a formula for adjusting each district's basic allotment, a formula that was to be used in each school year until a different formula was adopted by the State Board of Education under subchapter E of chapter 16. The price differential index is one element of that formula. Subsection (c) established a formula for calculating the PDI for each school year until a different PDI was adopted by the State Board of Education under subchapter E. Subsection (d) contains additional criteria for the PDI based on the ranking of school districts in the order of index values determined under subsection (c) of section 16.102. It relates only to the PDI determined under subsection (c). Subsection (e) reads as follows:

(e) Notwithstanding other provisions of this section a school district is entitled to the maximum PDI if located in a county in which the number of full-time state employees at pay grade 10-14, plus the number of public senior college or university faculty at the rank of instructor or a higher rank, employed within the county as of May 31, 1984, exceeds 125 percent of the number of nonfederally funded teachers employed in that county as of that date.

Subchapter C is composed of sections 16.101-16.104 and subchapter E consists of sections 16.176-16.180. Section 16.179 directs the State Board of Education, not later than the 30th day before the 1st day of each regular session of the legislature, to adopt a PDI to be used in adjusting the allotment of state funds for the following biennium. Accordingly, the PDI for use during the 1985-87 biennium was adopted by the board prior to the beginning of the Sixty-ninth Session in 1985. It is the "different price differential index adopted under subchapter E" which is referred to in section 16.102(c).

"The price differential index is designed to reflect the geographic variation in resource cost due to factors beyond the control of school districts." Sec. 16.176. Section 16.178 establishes an advisory committee appointed by the State Board of Education to advise the board in the development of the PDI. Section 16.177 requires the comptroller of public accounts to collect biennially, and report to the State Board of Education and the price index advisory committee, price information necessary to the development of the PDI based on an econometric model that considers the effect of school district characteristics on prices paid in the school district for goods and services.

No inflexible rule can be announced for the construction of statutes. However, the dominant consideration in construing statutes is the intention of the legislature. That intention is derived from a general review of an entire enactment and, when ascertained, shall be given effect to attain the object and purpose of the legislature. See City of Houston v. Morgan Guaranty International Bank, 666 S.W.2d 524, 529 (Tex. App. - Houston [1st Dist.] 1983, writ ref'd n.r.e.).

Subchapters C and E provide for the calculation and adoption of the PDI. When their provisions are read together, it appears that the legislature intended the determination of the PDI to be governed by section 16.102 of subchapter C only until, beginning with the 1985-87 biennium, the State Board of Education began the adoption of the PDI for each biennium under subchapter E. Thus §16.102(b) provides: "For each school year until a different formula is adopted under Subchapter E . . . ." the commissioner shall follow this section. Similar language is in §16.102(c). Subsection (d) of section 16.102 expressly is limited to the ranking of school districts in the order of index values determined under subsection (c) of section 16.102. Subsection (e) states that, notwithstanding other provisions of section 16.102, a

school district meeting certain criteria on May 31, 1984, is entitled to the maximum PDI. This language indicates that the legislature thereby intended to make an exception to the calculation of the PDI that was calculated under section 16.102, which itself was intended to be temporary.

Subchapter E prescribes procedures for the ongoing collection of information and data to be used for the development of a PDI for each biennium by the State Board of Education with the advice and recommendation of the advisory committee. By subchapter E, the legislature provided that the PDI for each biennium is based on changing factors and is not determined permanently on the basis of criteria and conditions that exist at a certain point in time. It is our opinion that the legislature intends section 16.102(e) to be part of the calculation of the PDI only until the State Board of Education began its biennial adoption of the PDI as provided by sections 16.176-16.180 of subchapter E.

We conclude that the maximum PDI which is authorized for certain school districts by section 16.102(e) is not applicable after the 1984-85 school year.

## S U M M A R Y

Section 16.102(e) of the Education Code, authorizing certain school districts to receive state funds in accordance with a maximum price differential index, is not applicable after the 1984-85 school year.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General